UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDUARDO HERNANDEZ HERNANDEZ,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No. 2:26-cv-00551-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Eduardo Hernandez Hernandez is an individual who entered the United States

without inspection over two decades ago, was apprehended by immigration officers on

November 23, 2025, and is detained at the Northwest Immigration and Customs Enforcement

Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶ 5. There is no indication that he

has had a custody redetermination hearing before an Immigration Judge, as the government has

determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31;

Dkt. 5 at 3.

On February 16, 2026, Hernandez Hernandez filed a petition for writ of habeas corpus,

arguing that his mandatory detention violates the Immigration and Nationality Act ("INA")

because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1

¶¶ 27–31. On March 2, Federal Respondents filed a return to the habeas petition. Dkt. 5. Hernandez Hernandez filed a traverse the next day. Dkt. 6. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring Immigration and Customs Enforcement agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Hernandez Hernandez cites both *Maldonado Bautista* and *Rodriguez Vazquez* in support of his claim for habeas relief. Dkt. 1 ¶¶ 28–31; Dkt. 6 at 2. Federal Respondents express their disagreement with *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose Hernandez Hernandez being considered a member of the *Maldonado Bautista* Bond Eligible Class for the purposes of this habeas case. Dkt. 5 at 3.

The Court agrees with the parties that Hernandez Hernandez is a member of the *Maldonado Bautista* Bond Eligible Class. And given the substantial similarity between the two class definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez*

*Vazquez* and finds that Hernandez Hernandez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Hernandez Hernandez has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.      The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.      Within fourteen days of receiving Petitioner Eduardo Hernandez Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 6th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4